UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONY MUSIC ENTERTAINMENT,

                              Plaintiff,

                 - against -

LEGACY RECORDS NYC, LLC, and
DELICIOUS HOSPITALITY, LLC,

                              Defendants.

Case No. 18 Civ. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Sony Music Entertainment ("Plaintiff") by its attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, complains and alleges against defendants Legacy Records NYC, LLC and Delicious Hospitality, LLC ("Defendants") as follows:

## NATURE OF THE ACTION

1.      This is a trademark dispute concerning the name of a music-centric restaurant, slated to open to the public within days from now in Hudson Yards, a new neighborhood on Manhattan's west side.

2.      Plaintiff is one of the United States' three major record companies.  Through its Grammy® award-winning catalog division known as "Legacy Recordings," Plaintiff has for decades released musical recordings by world-renowned artists under the same name and variations thereof, including its federally-registered "Legacy" and "L Legacy" marks.

3.      In disregard of Plaintiff's longstanding rights, Defendants have adopted "Legacy Records" as the name of its restaurant, the latest venture by the restauranteurs behind "Charlie Bird," a nod to musician Charlie "Bird" Parker, which is similarly imbued with music.

4.     To protect the enormous goodwill built up in its "Legacy Recordings" name and related marks, and to protect consumers from the confusion that will inevitably result from Defendants' continued use of a substantially indistinguishable name, Plaintiff brings this action against Defendants for trademark infringement (in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)), false designation of origin (in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)), wrongful domain name registration (in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)), trademark dilution (in violation of Section 360-l of New York General Business Law), and trademark infringement and unfair competition (in violation of New York common law).

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over the Lanham Act claims, 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state and common law claims, pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the claims under this Court's original jurisdiction that they form a part of the same case or controversy.

6.     This Court has personal jurisdiction over Defendants because, among other things, they were formed and organized under the laws of New York; they maintain a principal place of business in New York; and their acts of infringement complained of herein occurred and/or will occur in New York and have caused and/or will cause injury to Plaintiff's interests in New York.

7.     Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because Defendants maintain a place of business in this judicial district,

and a substantial part of the events giving rise to the claims herein have occurred in this judicial district.

## THE PARTIES

8.      Plaintiff Sony Music Entertainment is a partnership organized and existing under the laws of Delaware, having its headquarters at 25 Madison Avenue, New York, New York 10010.

9.      On information and belief, defendant Legacy Records NYC, LLC is a limited liability company organized and existing under the laws of New York, having a principal place of business at 5 King Street, Apt. 2W, New York, New York 10012.

10.      On information and belief, defendant Delicious Hospitality, LLC d/b/a Delicious Hospitality Group ("DHG") is a limited liability company organized and existing under the laws of New York, having a principal place of business at 5 King Street, Apt. 2W, New York, New York 10012.

11.      On information and belief, DHG owns or has a controlling interest in defendant Legacy Records NYC, LLC, and is a driving force behind the development of the restaurants under the DHG umbrella, including the restaurant that is the subject of this action.

## FACTUAL BACKGROUND

Plaintiff's "Legacy" Marks

12.      Plaintiff is one of the largest music companies in the world.  It is home to preeminent labels including Columbia Records, RCA Records, and Epic Records, among many others, representing music from every genre.  Plaintiff boasts a vast catalog that comprises some of the most important music recordings in history.

13.      Plaintiff's  multiple  Grammy®  award-winning  catalog  division,  known  as

"Legacy Recordings" (Legacy Recordings and Plaintiff are referred to collectively herein as "Plaintiff"), produces and curates the world's preeminent catalog of historic music reissues and new releases from recording legends, as well as restores, enhances, preserves, and releases digitally remastered titles from Plaintiff's massive music archive under the marks LEGACY, L LEGACY (stylized), and "Legacy Recordings" (collectively, the "LEGACY Marks"), in the form of records, audiotapes, videotapes, and compact discs, as well as via digital transmission over the Internet.

14.     Under the LEGACY Marks, Plaintiff has released musical recordings by some of the world's most renowned recording artists, including Aretha Franklin, Bob Dylan, Johnny Cash, Jimi Hendrix, Whitney Houston, Michael Jackson, Billy Joel, Willie Nelson and Elvis Presley, to name a few.  Plaintiff's musical recordings are, and have been, branded with the "L Legacy" mark and the name "Legacy Recordings."  In 2017, even despite the shift by consumers from physical to digital product, Plaintiff shipped more than one million units of physical products bearing the "Legacy Recordings" name, including albums by many of the aforementioned world-renowned artists.

15.     Plaintiff maintains a website at the domain name, legacyrecordings.com.  Plaintiff also uses the term "Legacy Recordings" on social media, including Facebook (facebook.com/legacyrecordings), Twitter (@SonyLegacyRecs), Instagram (@legacyrecordings), Tumblr (@legacyrecordings), Giphy (@legacyrecordings), Pinterest (@legacyrecording), SoundCloud (soundcloud.com/legacyrecordings), and Google Plus (+legacyrecordings), and throughout its press releases.

16.     While Plaintiff primarily provides recorded and live music from its roster of artists, Plaintiff also releases films under the "Legacy Recordings" brand, with full-length films,

such as *Michael Jackson's Journey from Motown to Off the Wall* and *Billy Joel:  A Matter of Trust: The Bridge to Russia*, airing on Showtime and PBS.  Plaintiff's use of its label trademark extends into the hospitality industry as well, often in partnership with third parties, including a partnership with Hard Rock Hotel and Casino announced in late 2017, under which Plaintiff, among other things, will advise on creative design for hotel and casino areas including bar and club spaces.  Plaintiff has also had a partnership with Starwood Hotels & Resorts Worldwide, Inc., under which Plaintiff worked together with the hotel and leisure company to build unique guest experiences through an array of branded music and entertainment programming, special products, and exclusive guest opportunities.

17.     As a result of Plaintiff's extensive use, advertising, and promotion of the LEGACY Marks throughout the world and in the United States, Plaintiff has developed considerable goodwill in the LEGACY Marks:  consumers recognize the LEGACY Marks as identifying and/or referring to Plaintiff, and they readily identify products and services bearing the LEGACY Marks as being of the highest quality, and emanating exclusively from, or being sponsored and approved by, Plaintiff.

18.     The LEGACY Marks have acquired widespread public recognition and renown. Plaintiff's "Legacy Recordings" division has a strong following on social media, with tens of thousands of followers on Twitter and Instagram and subscribers on YouTube, nearly one million "likes" on Facebook, and upwards of three million followers on SoundCloud.  In the past two years, there have been approximately 475,000 posts and 1.8 billion impressions for "Legacy Recordings" across various social media platforms.  In addition, Plaintiff's "Legacy Recordings Newsletter" has approximately 162,000 subscribers.

19.     The LEGACY Marks also garner a great deal of media attention, with write-ups

in publications such as *Variety*, *Forbes, The New York Times*, as well as *Billboard*, which has described "Legacy Recordings [a]s a paragon of virtue in the world of reissues."

    20.    In recognition of the value of the LEGACY Marks, Plaintiff has sought and obtained the following incontestable federal trademark registrations for the LEGACY Marks, all of which are valid, subsisting, unrevoked, and uncancelled:

| Mark | Reg. No. | Reg. Date | Goods and Services; Date of First Use in Commerce |
|---|---|---|---|
| LEGACY | 3,092,177 | 05/16/2006 | Class 9:  sound and video recordings featuring music and musical based entertainment; downloadable sound and video recordings and DVDs all featuring music and musical based entertainment (first use in commerce, 10/1990).<br>Class 35:  computerized online retail store services for musical sound and musical video recordings and downloadable musical sound and musical video recordings via a global computer network; mail order services featuring musical sound and musical video recordings (first use in commerce, 06/11/1997).<br>Class 38:  streaming of audio material on the internet; streaming of video material on the internet; [audio-on-demand and video-on-demand transmission services; webcasting services] (first use in commerce, 07/27/1996).<br>Class 41:  providing online entertainment namely, providing sound and video recordings in the field of music and musical based entertainment; providing a website over a global computer network featuring information on musical artists, tours of musical artists, sound recordings, popular culture and event and musical based entertainment (first use in commerce, 07/27/1996). |
| ![LEGACY logo] | 1,692,693 | 06/09/1992 | Class 9:  musical sound recordings (first use in commerce, 10/1990). |
| ![LEGACY logo] | 2,969,079 | 07/19/2005 | Class 35:  computerized online retail store services for musical sound and musical video recordings and downloadable musical sound and musical video recordings via a global computer network; mail order services featuring musical sound and musical video recordings (first use in commerce, 06/11/1997).<br>Class 38:  streaming of audio material on the Internet; streaming of video material on the Internet; audio-on-demand and video-on-demand transmission services; |

| | | | webcasting services (first use in commerce, 07/27/1996). Class 41: providing online entertainment namely, providing sound and video recordings in the field of music and musical based entertainment; providing a website over a global computer network featuring information on musical artists, tours of musical artists, sound recordings, popular culture and event and musical based entertainment; distribution of digital programs, namely, online radio and television programs (first use in commerce, 07/27/1996). |
|---|---|---|---|

Defendants' "Legacy Records" Restaurant

21. On information and belief, Defendants are preparing to open a restaurant, bar, and lounge in Hudson Yards, a new neighborhood on Manhattan's west side, under the name "Legacy Records" (the "Restaurant"). The Restaurant is expected to open to the public on or around March 6, 2018.

22. As part of its development, Defendants have secured a location for the Restaurant, which is located just over a mile away from Plaintiff's headquarters. On information and belief, as part of the opening, Defendants have been designing and furnishing the space, hiring employees, and creating a menu of the food and drink that will be served at the Restaurant.

23. On information and belief, Defendants own and operate the website located at the domain name, legacyrecordsnyc.com (the "Website"), and have created social media accounts using the name "Legacy Records," including on Facebook (facebook.com/legacyrecordsnyc) and Instagram (@legacyrecordsnyc), through which they promote and solicit potential customers for the Restaurant.

24. Defendants also promote and solicit potential customers for their new "Legacy Records" Restaurant through the websites of their well-known sister restaurants, "Charlie Bird" (charliebirdnyc.com) and "Pasquale Jones" (pasqualejones.com).

25.     Defendants' "Legacy Records"-branded Website features photographs of what appear to be the fully-finished Restaurant.  Below is a screenshot of the Website's main page:



26.     Defendants currently use the name "Legacy Records" on their Website in connection with, among other things, the offer for sale and/or sale of gift cards to the "Legacy Records" Restaurant (legacyrecords.com/store/gift-cards/); and the solicitation of customer inquiries and reservations for private events (legacyrecordsnyc.com/private-events/).



27.     The name "Legacy Records" is confusingly similar to Plaintiff's LEGACY Marks in appearance, sound, and commercial impression.  In particular, the name incorporates Plaintiff's federally-registered "LEGACY" word mark in its entirety, and uses it together with the word "records," which is highly descriptive of the music and recording-related goods and services for which Plaintiff and the LEGACY Marks are widely known.  On information and belief, Defendants do not use "Legacy" or "Legacy Records" in proximity to the term "restaurant" or to any other term that might otherwise describe or suggest the nature of the services Defendants offer in conjunction therewith.  The combination of the terms "Legacy" and "Records" renders the Restaurant's name substantially indistinguishable from the "Legacy Recordings" name that points uniquely and unmistakably to Plaintiff.

28.     The name "Legacy Records" instantly connotes music.  In addition to describing music and recording-related goods and services, the term "record" is so commonly used to refer to "record labels" that consumers encountering the Restaurant's name are likely to believe that it identifies a business which is itself a record label or is otherwise associated with one.

29.     On information and belief, Defendants have purposefully created an association between their "Legacy Records" Restaurant and music, much as DHG did with "Charlie Bird," which is named after the famous saxophonist and musician, Charlie "Bird" Parker.  Defendants bring music to mind not only through the name "Legacy Records," but also through the Restaurant's branding, which is reminiscent of a vintage-style record store, and its similarly-branded Website, which features illustrations of vinyl records and promises a "strong music line-up."





30.     The attempted association with historically pivotal recorded music stretches back to the earliest announcements of the planned Restaurant.   For example, the splash page of Defendants' Website formerly displayed a logo consisting of the words "Legacy Records" in the shape of a vinyl album or single and in a vintage font, a copy of which is shown below.



The risk of confusion with Plaintiff's LEGACY Marks is clear – even before the "Legacy Records" Restaurant has opened its doors to the general public.   An illustrative example is the invitation to YouTube Music's Grammy® viewing party "@ Legacy Records," shown below, which recently landed in the inboxes of some of Plaintiff's employees – who were themselves confused into mistakenly believing that Plaintiff sponsored and was involved with the event. Moreover, that the event was hosted by Lyor Cohen, a music industry icon and YouTube's Global Head of Music, who, on information and belief, is also an owner and investor in the Restaurant, underscores Defendants' intention to associate its Restaurant with music.



31.     Defendant Legacy Records NYC, LLC applied to register the "Legacy Records" mark with the United States Patent and Trademark Office ("USPTO"), on August 16, 2017, based on its intent to use the mark in connection with "Restaurant; Restaurant and bar services; Restaurant and café services; [and] Restaurant services" in Class 43 (Serial No. 87/572,030) (the "Application").

32.     Plaintiff has filed with the Trademark Trial and Appeal Board a Notice of Opposition against the Application, on the grounds of likelihood of confusion and false suggestion of a connection, in violation of 15 U.S.C. §§ 1052(d) and (a), respectively (Opposition No. 91238592).

33.     In light of all of the foregoing, Defendants' use of the LEGACY Marks is likely to cause confusion, mistake, or deception, in that consumers are likely to incorrectly believe that Defendants and/or Defendants' Restaurant is authorized, sponsored, or approved by, or otherwise affiliated with, Plaintiff.

34.     Defendants are not now, nor have they ever been, affiliated, connected, or otherwise associated with Plaintiff, and Plaintiff has never consented or authorized Defendants to use or register the LEGACY Marks in any way.

35.     On information and belief, Defendants have used the LEGACY Marks with knowledge of, and in willful disregard of, Plaintiff's prior rights and with the intent to obtain a commercial advantage for its Restaurant that they otherwise would not have.

**COUNT I – LIKELIHOOD OF CONFUSION**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

36.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

37.     Plaintiff is the owner of the federal trademark registrations for the LEGACY Marks described above.

38.     Defendants, without Plaintiff's consent or authorization, have used and continue to use in commerce a designation, namely, "Legacy Records," that is confusingly similar to Plaintiff's registered LEGACY Marks, in connection with the sale, offer for sale, distribution, advertising, and promotion of Defendants' Restaurant.

39.     Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive the general public into believing that Defendants' Restaurant emanates from, is authorized, licensed, sponsored, or endorsed by, or is otherwise affiliated, associated, or connected with Plaintiff, when such is not the case.

40.     On information and belief, Defendants' use and continued use of the confusingly similar designation, "Legacy Records," has been with full knowledge, and in willful disregard, of Plaintiff's prior rights, and with intent to confuse consumers and to benefit from the goodwill associated with Plaintiff's LEGACY Marks.

41.     Defendants' aforesaid acts constitute infringement of Plaintiff's federally-registered rights in the LEGACY Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     Defendants' aforesaid acts are causing and, unless restrained by this Court, will continue to cause, irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

### COUNT II – FALSE DESIGNATION OF ORIGIN
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

43.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

44.     Plaintiff owns valid and protectable trademark rights in the LEGACY Marks, including all rights in the federal trademark registrations described above and all common law rights such marks.

45.     Defendants, without Plaintiff's consent or authorization, have used and continue to use in commerce, in connection with their advertised services, a designation, namely, "Legacy Records," in a manner that falsely designates, misleadingly describes, and misrepresents to the general public the origin, sponsorship, and approval of Defendants' Restaurant.

46.     Defendants' aims to create confusion are clear, including by virtue of their reference to a music studio located on the site, creating a visual identity reminiscent of and centered around music, using the word "records" as part of their name, and choosing investors and business partners whose names are associated with the music industry.

47.     Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive the general public into believing that Defendants are affiliated, connected, or associated with Plaintiff, or that Defendants' Restaurant originates with, or is sponsored or approved by,

Plaintiff, when such is not the case.

48.     On information and belief, Defendants' use and continued use of the confusingly similar name, "Legacy Records," has been with full knowledge, and in willful disregard, of the falsity of the designation of the origin and with intent to mislead consumers and to benefit from Plaintiff's goodwill and reputation in the recorded and live music business.

49.     Defendants' aforesaid acts constitute a false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause, irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

## COUNT III – ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
### Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

51.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

52.     On information belief, Defendants have registered and are using, without Plaintiff's consent or authorization, the domain name, legacyrecordsnyc.com (the "Infringing Domain Name"), which is confusingly similar to Plaintiff's well-known LEGACY Marks, including in that the Infringing Domain Name uses a highly similar name to Plaintiff's well-known LEGACY Marks, with the addition of a common abbreviation for the city in which Plaintiff is headquartered.

53.     The Infringing Domain Name resolves not to a website owned by Plaintiff, but rather to a website that is owned and operated by Defendants for the purpose of promoting and soliciting potential customers for Defendants' Restaurant.

54.     Plaintiff's LEGACY Marks are distinctive and were distinctive as of the date of the registration of the Infringing Domain Name, which occurred on or around July 21, 2017, according to information obtained from the registrar of thee Infringing Domain Name, GoDaddy.com, LLC.

55.     Defendants have no prior connection to the LEGACY Marks.  On information and belief, Defendants' registration and use of the Infringing Domain Name has been with a bad faith intent to profit from Plaintiff's LEGACY Marks and to benefit from the longstanding goodwill and reputation associated therewith.

56.     Defendants' aforesaid acts constitute a violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

57.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause, irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

## COUNT IV –TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### New York Common Law

58.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

59.     Plaintiff owns all rights, title, and interest in and to the LEGACY Marks, including all common law rights in such marks.

60.     Defendants, without Plaintiff's consent or authorization, have used and continue to use a designation, namely, "Legacy Records," that is confusingly similar to Plaintiff's registered LEGACY Marks, in connection with the sale, offer for sale, distribution, advertising, and promotion of Defendants' Restaurant.

61.     Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive the general public into believing that Defendants' Restaurant emanates from, is authorized, licensed, sponsored, or endorsed by, or is otherwise affiliated, associated, or connected with Plaintiff, when such is not the case.

62.     On information and belief, Defendants' use and continued use of the confusingly similar designation, "Legacy Records," has been with full knowledge, and in willful disregard, of Plaintiff's prior rights, and with deliberate intention to cause mistake and confuse or to deceive the general public as to the affiliation, connection, or association of Defendants, or the Restaurant, with Plaintiff and to benefit from the goodwill associated with Plaintiff's LEGACY Marks.

63.     Accordingly, Defendants have been using a confusingly similar trademark in bad faith.

64.     Defendants' aforesaid acts constitute trademark infringement and unfair competition in violation of New York common law.

65.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause, irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

## COUNT V – TRADEMARK DILUTION
### Section 360-l of New York General Business Law

66.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

67.     Plaintiff owns all rights, title, and interest in and to the LEGACY Marks, including all common law rights.

68.     Through Plaintiff's continuous and widespread use in commerce, including commerce within New York, the LEGACY Marks have become inherently distinctive within the meaning of N.Y. Gen. Bus. Law § 360-l.

69.     Defendants' aforesaid acts are likely to dilute the distinctive quality of Plaintiff's LEGACY Marks, thereby lessening their capacity to identify and distinguish products and services promoted and/or sold by Plaintiff.

70.     Defendants' aforesaid acts constitute trademark dilution in violation of N.Y. Gen. Bus. Law § 360-l.

71.     Defendants' willful and deliberate acts, as aforesaid, have caused and, unless restrained by this Court, will continue to cause, irreparable harm and injury to Plaintiff, including to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A.      Finding that Defendants have engaged in trademark infringement, unfair competition, false designation of origin, unlawful domain name registration, and trademark dilution under state and federal law;

B.      Granting an injunction preliminarily and/or permanently providing that, pursuant to 15 U.S.C. § 1116(a), Defendants, their agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with, Defendants, jointly and severally, be enjoined through the world during the pendency of this action and permanently thereafter from:

      i.     Using the LEGACY Marks, or any substantially similar variations thereof, including, without limitation, the name "Legacy Records," on or in connection with Defendants' goods or services, including, without limitation, restaurant, bar, and/or lounge services; and

     ii.    Using any false designation, description, or representation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants are affiliated, connected, or associated with Plaintiff, and/or that Defendants' Restaurant originates with, or is sponsored or approved by, Plaintiff; and

   iii.    Doing any act or thing likely to induce the belief that Defendants' goods or services are in any way legitimately connected with, or sponsored or approved by, Plaintiff;

C.     Ordering Defendants to pay to Plaintiff all such actual damages and profits attributable to the infringements of the LEGACY Marks by Defendants and those acting in concert with Defendants in an amount to be proven at trial, trebled, as well as costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a);

D.     Ordering Defendants to pay to Plaintiff, for Defendants' violation of 15 U.S.C. § 1125(d), Defendants' actual damages and profits or, in the alternative, an award of statutory damages pursuant to 15 U.S.C. § 1117(d) in an amount of up to $100,000.

E.     Ordering Defendants to pay to Plaintiff, for Defendants' violation of N.Y. Gen. Bus. Law § 360-l, Defendants' profits derived from and/or all damages suffered by reason of the infringements of the LEGACY Marks by Defendants and those acting in concert with Defendants in an amount to be proven at trial, trebled, as well as attorney's fees pursuant to

N.Y. Gen. Bus. Law § 360-m;

F.      Directing Defendants to formally abandon with prejudice any and all of its applications to register any mark consisting of, incorporating, or containing the LEGACY Marks, or any substantially similar variations thereof, on any state or federal trademark registry, including, without limitation, Defendants' opposed Application Serial No. 87/575,030;

G.      Directing Defendants to transfer to Plaintiff, at Defendants' expense, the Infringing Domain Name, legacyrecordsnyc.com, and any other domain names owned, operated, and/or controlled by Defendants that consist of, incorporate, or contain the LEGACY Marks, or any substantially similar variation thereof,

H.      Awarding prejudgment interest on all damages awarded by this Court; and

I.      Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this action.

Respectfully Submitted,

Dated: New York, New York          COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
      March 5, 2018

By:   __/Eleanor M. Lackman/_____
      Eleanor M. Lackman
      Marissa B. Lewis
      41 Madison Avenue, 38th Floor
      New York, New York 10010
      Tel: (212) 974-7474
      Fax: (212) 974-8474
      elackman@cdas.com
      mlewis@cdas.com

*Attorneys for Plaintiff Sony Music Entertainment*