

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

ELEANOR M. LACKMAN
212 974 7474 EXT. 1958
ELACKMAN@CDAS.COM

May 16, 2018

**VIA CM/ECF**
Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

Re: *Sony Music Entm'nt v. Legacy Records NYC, LLC, et al.*, No. 18 Civ. 1976

Dear Judge Castel:

On behalf of plaintiff Sony Music Entertainment ("Plaintiff"), we respectfully submit this letter in response to defendants Legacy Records NYC, LLC ("Legacy Records") and Delicious Hospitality, LLC d/b/a Delicious Hospitality Group's ("DHG" and, together with Legacy Records, the "Defendants") pre-motion letter dated May 10, 2018 (Dkt. No. 23) concerning Defendants' intended motion to dismiss the Complaint in the above-captioned action.

## I. The Complaint Gives Defendants Fair Notice of The Claims Asserted Against Them

Defendants argue that Plaintiff's claims should be dismissed because the Complaint collectively refers to DHG and Legacy Records as "Defendants" with "no attempt to particularize either Defendant's alleged misconduct." Dkt. No. 23 at 2. Defendants assert that such group pleading necessarily violates Rule 8 of the Federal Rules of Civil Procedure. *Id.*

But "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Vantone Grp. Liab. Co. v. Yangpu NGT Indus. Co.*, No. Civ. 7369 (LTS), 2015 WL 4040882, at *3 (S.D.N.Y. July 2, 2015). *See also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d 724, 744 (S.D.N.Y. 2017) ("It is well settled that Rule 8 does not require the Plaintiff to identify each of the Defendants by name each time the Complaint makes an allegation that applies equally to all.") (citation omitted and cleaned up). While courts have dismissed complaints that "lumped together defendants in a manner that failed to put them on notice of the relevant claims," the case law "do[es] not go so far as to stand for the proposition that . . . 'group pleading' can never satisfy federal pleading standards." *Vantone*, 2015 WL 4040882, at *3.

In this case, Plaintiff asserts identical claims against both Defendants, which are related entities residing at the same address (Cplt. ¶¶ 9-11), and has pleaded sufficient facts to put each individual defendant on notice of the basis for Plaintiff's claims. The use of "group pleading" is routinely permitted in these circumstances. *See, e.g.*, *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15 Civ. 6015 (DRH) (AYS), 2017 WL 4357339, at *8 (E.D.N.Y. Sept. 29, 2017) (despite group pleading, holding the plaintiff "has plead the allegations with sufficient specificity that





each individual defendant is on notice of the particular claims asserted against it" where "identical allegations [we]re pled against all Defendants"); *Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14 Civ. 9687 (VEC), 2016 WL 4916969, at *8 (S.D.N.Y. Feb. 11, 2016) (despite group pleading, holding the defendant "has fair notice of the claim asserted so as to enable it to answer, conduct discovery, and prepare for trial"); *Aghaeepour v. N. Leasing Sys., Inc.*, No. 14 Civ. 5449 (NSR), 2015 WL 7758894, at *4 (S.D.N.Y. Dec. 1, 2015) (holding the "[c]omplaint does not 'lump defendants together' impermissibly, but instead alleges conduct as to each defendant sufficient to 'give the defendant fair notice of what the claim is and the grounds upon which it rests'") (citation omitted); *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 236 (S.D.N.Y. 2014) (holding the complaint "does not simply 'lump' [the defendants] together," but instead "satisfies the requirements of Rule 8(a) because it gives [the defendants] fair notice of the basis for [the plaintiff's] claims") (citations omitted).

Accordingly, Plaintiff's claims against Defendants do not fail merely because Plaintiff's Complaint has grouped them together in order to bring identical claims against each of them.

**II. The Complaint Sufficiently Alleges The LEGACY Marks Are "Inherently Distinctive" For Purposes of Trademark Dilution Under N.Y. Gen. Bus. Law § 360-l**

Defendants next argue that Plaintiff's claim for trademark dilution under New York General Business Law § 360-l must be dismissed because Plaintiff fails to allege that its LEGACY Marks (as defined in ¶ 13 of the Complaint) are inherently distinctive or have acquired secondary meaning. *See* Dkt. No. 23 at 3.

But this argument overlooks the fact that Plaintiff alleges ownership of three "incontestable" trademark registrations for the LEGACY Marks, which are each registered on the Principal Register of the U.S. Patent and Trademark Office ("USPTO") for the goods and services listed in the Complaint (at pp. 6-7). *See* Cplt. ¶ 20 (alleging ownership of U.S. Reg. Nos. 3,092,177, 1,692,693, and 2,969,079 for the LEGACY Marks).[1] These factual allegations require a

[1] Should the Court permit full briefing on Defendants' proposed motion to dismiss, Plaintiff intends to provide, as proof that the LEGACY Marks were registered on the Principal Register without proof of secondary meaning and are now incontestable, the certificates of registration and declarations of incontestability for the LEGACY Marks. The Court would be permitted to take judicial notice of such documents, which are publicly available on the USPTO's website. *See Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n. 3 (S.D.N.Y. 2010) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office . . ."). *See, e.g.*, *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213 (NRB), 2017 WL 3669625, at *2 (S.D.N.Y. Aug. 8, 2017) (taking "judicial notice of the defendants' trademark applications, which are available on the USPTO's website"); *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 301 n.6 (S.D.N.Y. 2012) (taking judicial notice of online trademark registration information).





conclusion that Plaintiff's LEGACY Marks are inherently distinctive, or at the very least, have acquired secondary meaning through Plaintiff's more than two decades of consistent use.

It is fundamental that a trademark cannot be registered on the Principal Register unless it is inherently distinctive or has acquired secondary meaning. For this reason, a trademark is presumed to be inherently distinctive where, as here, it is the subject of an incontestable registration, *see Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 497 (2d Cir. 2000) (trademark presumed inherently distinctive where trademark owner filed an affidavit that rendered its registration incontestable), or was registered on the Principal Register without proof of secondary meaning. *See Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) ("Registration by the PTO without proof of secondary meaning creates the presumption that the mark is more than merely descriptive, and, thus, that the mark is inherently distinctive."). *See, e.g., TCPIP Holding Co. v. Haar Commc'ns Inc.*, No. 99 Civ. 1825 (RCC), 2004 WL 1620950, at *5 (S.D.N.Y. July 19, 2004) (finding that the fact that the plaintiff obtained four registrations for the mark on the Principal register, without a need to show that the mark had acquired distinctiveness or secondary meaning, creates a rebuttable presumption that the mark is inherently distinctive).

Accordingly, the Complaint sufficiently alleges that Plaintiff's LEGACY Marks are inherently distinctive, and Plaintiff's claim of trademark dilution cannot be dismissed on this basis.[2]

In an apparent attempt to rebut this presumption, Defendants point to websites which purportedly show third-party uses of the word "Legacy" in the music industry. *See* Dkt. No. 23 at 3 n. 2-4. Even if the Court were permitted to take judicial notice of these websites (it is not[3]), it is unclear

---

[2] Because the LEGACY Marks are inherently distinctive, there is no need for Plaintiff to plead or prove secondary meaning. *See, e.g., Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 170 (2d Cir. 1991) (The determination that the mark is inherently distinctive "eliminates the trademark owner's need to prove secondary meaning."). In any event, Plaintiff has alleged facts sufficient to demonstrate that the LEGACY Marks have acquired secondary meaning through longstanding use, commercial success, and widespread public recognition. *See* Cplt. ¶¶ 13-20.

[3] On a motion to dismiss, a court may not take judicial notice of information on a website unless "the website's authenticity is not in dispute" and the information "is capable of accurate and ready determination." *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 430-31 (S.D.N.Y. 2016), *aff'd*, 692 F. App'x 51 (2d Cir. 2017) (citations omitted). Courts that have taken judicial notice of websites in these circumstances have done so for the limited purpose of ascertaining an undisputed fact or the fact of the website's publication, without regard to the truth of its contents. *See, e.g., In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967, 2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010) ("The Second Circuit, and several district courts in this Circuit, have found it appropriate to take judicial notice of the contents of a party's website for the fact of its publication.") (collecting cases). The third-party websites that Defendants point to are not the type of readily ascertainable and undisputed facts that are normally subject to judicial notice since they would have the court rely on them as a basis for establishing the fact of







how several non-New York entities bear relevance to trademark rights existing under New York law, and regardless, it would not detract from the inherent distinctiveness of, or the secondary meaning built up in, the LEGACY Marks. Moreover, neither Defendants' self-serving statement that the name "Legacy Records" is an homage to the previous occupant of the restaurants' premises (it is not, there was a nearby "Legacy Studio"), nor their assertion that "numerous restaurants have used, and continue to use, the word 'Legacy' in their names,"[4] warrant dismissal of Plaintiff's trademark dilution claim (or any other claims set forth in the Complaint) on a Rule 12(b)(6) motion to dismiss. *See* Dkt. No. 23 at 3.

## III. The Complaint Sufficiently Alleges "Bad Faith" For Purposes of Unfair Competition Under New York Law

As their final point, Defendants argue that Plaintiff's claim for unfair competition under New York law must be dismissed because "[t]he Complaint contains no allegations of bad faith and certainly no allegations of 'tortious conduct' . . ." Dkt. No. 23 at 4.

The Complaint contains multiple allegations as to Defendants' bad faith. Indeed, the Complaint repeatedly alleges that "Defendants' use and continued use of the confusingly similar designation, 'Legacy Records,' has been *with full knowledge, and in willful disregard, of Plaintiff's prior rights*." Cplt. ¶ 62 (emphasis added); *see also id.* ¶¶ 35, 40. *See George Nelson Found. v. Modernica, Inc.*, 12 F. Supp. 3d 635, 652 (S.D.N.Y. 2014) ("Bad faith may be inferred from the junior user's actual or constructive knowledge of the senior user's mark.") (quoting *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 389 (2d Cir. 2005)). *See, e.g.*, *Pulse Creations, Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 58 (S.D.N.Y. 2015) (finding plaintiff's "clear assertion that [defendants] acted with knowledge of [plaintiff's] rights" sufficiently alleged bad faith); *Hearts on Fire Co., LLC. v. LC Int'l Corp.*, No. 04 Civ. 2536 (LTS), 2004 WL 1724932, at *4 (S.D.N.Y. July 30, 2004) (same, where plaintiff asserted that defendant "willfully, intentionally, and knowingly used a designation confusingly similar to [plaintiff's] mark").

The Complaint further alleges that Defendants adopted the name "Legacy Records" with "deliberate intention to cause mistake and confusion" and "to benefit from the goodwill associated with Plaintiff's LEGACY Marks." Cplt. ¶ 62; *see also id.* ¶¶ 35, 40, 55. *See Star Indus.*, 412 F.3d at 388 ("Bad faith generally refers to an attempt by a junior user of a mark to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products."); *Lang v. Ret. Living Pub. Co., Inc.*, 949 F.2d 576, 583 (2d Cir. 1991) (holding that a defendant acted in bad faith if it "adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill and any confusion between his

---

third-party use of the word "Legacy." Accordingly, the Court would not be permitted to consider them on Defendants' proposed motion to dismiss.

[4] Defendants note their intention to ask the Court to take judicial notice of documents demonstrating as much (Dkt. No. 23 at 3), but for the reasons set forth above (*supra* n. 3), this is not a matter of which judicial notice may be taken.

and the senior user's product"). *See, e.g.*, *International Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 525 (S.D.N.Y. 2014) (finding the plaintiff's allegations that "[d]efendants, with knowledge of the widespread recognition of" the plaintiff's trade dress, "and with the specific intent to exploit that recognition, have made and sold copies of the jewelry all having th[at] distinctive [trade dress] . . . demonstrates bad faith"). Plaintiff bolsters these allegations with specific examples of Defendants' efforts to purposefully associate their restaurant with the recorded music business, and "Legacy Recordings" in particular. *See* Cplt. ¶¶ 29, 30. These allegations of bad faith are more than sufficient to clear the threshold for surviving a Rule 12(b)(6) motion to dismiss.

There is no support for Defendants' assertion that "a plaintiff must allege tortious conduct in addition to an underlying infringement claim." Dkt. No. 23 at 4. It appears that Defendants' assertion is premised on a misunderstanding *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317 (E.D.N.Y. 2014), which holds that, in order to avoid preemption by federal patent law, a plaintiff's claim of unfair competition must allege "additional tortious conduct that is separate from the [underlying] patent [infringement claim]." *Id.* at 329.

***

For the foregoing reasons, Plaintiff respectfully submits that Defendants' intended motion to dismiss is futile and should not be permitted. None of the purported deficiencies that Defendants have identified can be resolved by a simple amendment, and therefore, Plaintiff will not seek leave to amend its Complaint prior to motion practice. However, in the event that the Court nevertheless permits Defendants to proceed with their intended motion to dismiss, and ultimately grants it in whole or in part, Plaintiff reserves the right to seek leave to amend its Complaint at that juncture in accordance with Fed. R. Civ. P. 15.

Respectfully submitted,

Eleanor M Lackman / MBL

Eleanor M. Lackman

cc: All counsel of record (via CM/ECF)
Sony Music Entertainment (via e-mail)