UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　- against -<br><br>LEGACY RECORDS NYC, LLC, and<br>DELICIOUS HOSPITALITY, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 18 Civ. 01976 (PKC)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT APPLICATION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL** |

Plaintiff Sony Music Entertainment, jointly with defendants Legacy Records NYC, LLC and Delicious Hospitality, LLC (collectively, the "Parties"), respectfully submit this memorandum of law in support of their joint application to this Court for permission to file under seal the agreement dated August 27, 2018, the terms of which the parties would like to remain confidential.

## BACKGROUND

On September 4, 2018, the parties filed a Stipulation of Settlement and Proposed Order of Dismissal with Prejudice of the above-captioned action pursuant to Fed. R. Civ. P. 41(a) (the "Stipulation").  *See* Dkt. No. 28.  The Parties advised the Court that "the Parties have resolved the matters pertaining to the above-captioned action pursuant to an agreement dated August 27, 2018 (the 'Agreement')," and requested that the Court "retain exclusive jurisdiction of this matter for the sole purpose enforcing the terms of [the] Stipulation and . . . the Agreement."  *Id.* at ¶ 3.

The Court so-ordered a modified version of the Stipulation on the same date (the "Order"). *See* Dkt. No. 29.  Pursuant to the Order, "[i]f the parties wish the Court to retain jurisdiction to enforce the terms of the Agreement[,] [t]hey shall file it on ECF within five (5) days of [the] Order."  *Id.*  The five-day period expires today, September 10, 2018.

The Parties wish the Court to retain jurisdiction to enforce the terms of the Agreement and are prepared to file such Agreement with the Court; provided, however, that its terms be kept confidential in accordance with the confidentiality provision contained therein.  *See* Affidavit of Eleanor M. Lackman dated September 10, 2018 ("Lackman Aff."), ¶ 6.  Accordingly, the Parties make this application for permission to file the Agreement under seal.

## ARGUMENT

Rule 5 of this Court's Individual Practices provides, in relevant part, as follows:

> [N]o document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority.

"The common law right of public access" attaches presumptively to any "judicial document" – *i.e.*, any "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (citation omitted).  In deciding an application to file judicial documents under seal, the Court should "balance competing considerations against" the presumption of access to documents, and consider "the privacy interests of those resisting disclosure."  *Id.* at 119-20 (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

As an initial matter, the Agreement does not qualify as a "judicial document," and thus, no presumption of access applies.  Indeed, this Court has recognized that, "in many – if not most – cases, a settlement agreement would not qualify as a 'judicial document.'" *Bravo v. 57th Rest. Assocs. LLC,* No. 14 Civ. 8492 (RJS), 2015 WL 1283659, at *1 (S.D.N.Y. Mar. 2, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 *S.D.N.Y. 2012).  *See also Garcia v.*

2

*Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *5 (S.D.N.Y. Apr. 27, 2015) (noting "settlement agreements are typically not judicial documents" within the meaning of *Lugosch*).

In any event, on balance, it is appropriate to file the Agreement under seal to ensure the confidential terms remain solely between the settling Parties.  The "[s]ecrecy of settlement terms . . . is well-established American litigation practice." *Palmieri v. N.Y.*, 779 F.2d 861, 865 (2d Cir. 1985).  *See also Matsushita Elecs. Corp. v. Loral Corp*, No. 92 Civ. 5461 (SAS), 1995 WL 527640, at *3 (S.D.N.Y. Sept. 7, 1995) ("Settlement discussions are typically undertaken with the understanding that they will remain confidential, particularly when their disclosure may impact on ongoing or prospective business arrangements.").  In light of this practice, courts often allow confidential settlement agreements to be filed under seal.  *See, e.g.*, *In Medley v. American Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 n. 1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal.").

As the Second Circuit observed in *Gambale v. Deutche Bank AG*, "there may well be valid reasons" to keep settlement terms confidential, particularly "when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication.  If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Gambale*, 377 F.3d 133, 143 (2d Cir. 2004) (concluding that the presumption of access to settlement agreement was "markedly weak" given that settlement figures were confidential and that the settlement played a minimal role in judicial decision making).  *See also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) (stating that ordering a party to produce settlement agreements violates the "strong public interest in favor of secrecy of

settlement matters," since "[t]he ability to negotiate and settle a case without trial fosters a more efficient, more cost effective and significantly less burdened judicial system").

In this case, the parties' mutual interest in maintaining the confidentiality of the terms of the Agreement outweighs any general public interest in disclosure of the particulars of the Parties' Agreement, especially given the apparent lack of prejudice to any particular party should the Agreement be sealed. The Agreement itself contains a confidentiality provision. *See* Lackman Aff. ¶ 4. The Agreement has not been filed with the Court and was not the basis for this Court's adjudication. *Id.* ¶ 5. There is very little need for public access to the terms of a private settlement.

## CONCLUSION

Accordingly, for the reasons set forth herein, and in the Affidavit of Eleanor M. Lackman, the Parties respectfully request that this Court honor the Parties' express wish for confidentiality and grant the instant application to file the Agreement under seal.

Dated: New York, New York
September 10, 2018

Respectfully submitted by:

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

MOSES & SINGER LLP

By:  /s/ Eleanor M. Lackman
Eleanor M. Lackman
Marissa B. Lewis
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
mlewis@cdas.com

By:  /s/ Philippe A. Zimmerman
Philippe A. Zimmerman
405 Lexington Avenue, 12th Floor
New York, New York 10174
Tel.: (212) 554-7400
Fax: (212) 554-7700
pzimmerman@mosessinger.com

*Attorneys for Plaintiff Sony Music Entertainment*

KLUK FARBER LAW PLLC

By: /s/ Sonia Farber
Sonia Farber
166 Mercer Street, 6B
New York, New York 10012
Tel.: (917) 890-0384
Fax: (914) 302-4033
sonia@klukfarber.com

*Attorneys for Defendants Legacy Records NYC, LLC and Delicious Hospitality, LLC*